<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS**, <br><br> Plaintiff, <br><br> v. <br><br> **HORIZON HEALTHCARE SERVICES, INC. d/b/a HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY AND BLUE CROSS BLUE SHIELD OF NEW JERSEY,** *et al.*, <br><br> Defendants. | Civil Action No. 24-8959 (ZNQ) (JTQ) <br><br> **OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon a Motion to Dismiss the Amended Complaint (the "Motion," ECF No. 24) filed by Defendants Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey and Blue Cross Blue Shield of New Jersey and Defendant Horizon Healthcare of New Jersey, Inc. d/b/a Horizon NJ Health (collectively, "Defendants" or "Horizon"). Plaintiff Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics ("Plaintiff") filed a Brief in Opposition ("Opp'n Br.," ECF No. 31), and Defendants filed a Reply ("Reply Br.," ECF No. 32.)

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

For the reasons set forth below, the Court will **GRANT** Plaintiff's informal request to amend the Amended Complaint and **DENY** Defendants' Motion as moot.

## I.     BACKGROUND AND PROCEDURAL HISTORY

### A.     BACKGROUND

Plaintiff "performed clinical laboratory, pharmacy, genetics, addiction rehabilitation, and COVID-19 testing services [("Laboratory Testing Services")] on specimens submitted by medical service providers."  (Am. Compl. ¶ 9.)  Defendants are health insurance companies registered in New Jersey.  (*Id.* ¶¶ 7–8.)

Various Laboratory Testing Services claims were "submitted on behalf of Defendant['s] insureds."  (*Id.* ¶ 10.)  Plaintiff asserts that the applicable contracts contained a provision obligating Defendants to pay for the Laboratory Testing Services that were provided by Plaintiff to Defendants' insureds, members, and/or subscribers.  (*Id.*)  The assignment provision states:

> I hereby assign all rights and benefits under my health plan and direct payments be made to Genesis . . . for laboratory services furnished to me by Genesis . . .. I irrevocably designate authorize and appoint Genesis . . . or its assigned affiliates as my true and lawful attorney-infact for the purpose of submitting my claims and pursuing any request, disclosure, appeal, litigation or other remedies in accordance with the benefits and rights under my health plan and in accordance with any federal or state laws. If my health plan fails to abide by my authorization and makes payment directly to me, I agree to endorse the insurance check and forward it to Genesis . . . immediately upon receipt. I hereby authorize Genesis . . . or its assigned affiliates to contact me for billing or payment purposes by phone, text message, or email with the contact information that I have provided to Genesis . . ., in compliance with federal and state laws.

(*Id.* ¶ 11.)

Plaintiff asserts Defendants "engaged in a long campaign designed to deprive Plaintiff of millions of dollars" in connection with the services Plaintiff rendered to Defendants' subscribers

and/or members. (*Id.* ¶ 14.) Plaintiff seeks $3,616,493.00 for 5,069 claims it purportedly submitted for Laboratory Testing Services rendered to patients enrolled in health benefit plans issued or administered by Defendants. (*Id.* ¶¶ 12–13.)

### B.     PROCEDURAL HISTORY

Plaintiff filed an action against Defendants in the Superior Court of New Jersey, Law Division (the "State Court Action"). (Am. Compl. ¶ 17; *Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics v. Horizon Blue Cross Blue Shield of New Jersey, Inc., et al.*, Docket No. MER-L-2297-23.) In the state court Action, Defendants filed a motion to dismiss in lieu of filing an answer. (Am. Compl. ¶ 18.) Plaintiff asserts that "[d]uring oral argument and briefing, Defendants advised the court that all of the claims at issue involve subscribers/members/insured[s] who are members of an Employee Retirement Income Security Act ("ERISA") health plan." [1] (*Id.* ¶ 19.)

Thereafter, and based on the fact that Defendants had indicated that all claims at issue involved ERISA health plans, Plaintiff filed the Complaint in this Court pursuant to 29 U.S.C.S. § 1132(e). (*Id.* ¶ 20, ECF No. 1.) Included with the Complaint was Exhibit 1, which is a spreadsheet setting forth each transaction at issue in this case. (ECF No. 3.) Thereafter, Plaintiff filed the Amended Complaint, asserting two claims against Defendants: (1) claim for benefits under ERISA; and (2) estoppel. (ECF No. 5 [2].)

On March 14, 2025, Defendants filed the Motion to Dismiss. (ECF No. 24.)

---

[1] It appears that the state court granted Plaintiff leave to amend its complaint "to distinguish between its ERISA and non-ERISA claims." (Moving Br. at 3–4.) Plaintiff thereafter filed this lawsuit. (*Id.*)
[2] The Amended Complaint at ECF No. 5 appears to be a duplicate of ECF No. 6. (*See* Clerk's Quality Control Message entered Oct. 2, 2024.)

## II. SUBJECT MATTER JURISDICTION

Plaintiff asserts that this Court has jurisdiction over its claims pursuant to 29 U.S.C.S. § 1132(e). (Am. Compl. ¶ 33.)

## III. LEGAL STANDARD

### A. RULE 12(B)(1)

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, Civ. No. 12-3922, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (citation omitted). When considering a dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief but rather on whether the court has jurisdiction to hear the claim and grant relief. *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002) (citation omitted).

Standing under Article III of the United States Constitution is an element of subject matter jurisdiction. *See Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 269 (3d Cir. 2016). Under Rule 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).

When considering a Rule 12(b)(1) standing challenge, the Court must determine whether the attack is facial or factual. *Schering Plough*, 678 F.3d at 243. "A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to

4

invoke the subject matter jurisdiction of the court because . . . it does not present a question of federal law, or because . . . some other jurisdictional defect is present." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). When reviewing a facial attack, a "court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Although the plaintiff bringing the action in federal court bears the burden of establishing jurisdiction, upon reviewing a facial attack, a "court must consider the allegations of the complaint as true." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Factual attacks, in contrast, argue that subject matter jurisdiction is improper "because the facts of the case . . . do not support the asserted jurisdiction." *Aichele*, 757 F.3d at 358. The presumption of truth does not extend to factual attacks, "and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891. Courts are permitted to weigh and consider facts "outside the pleadings" to decide whether subject matter jurisdiction is proper. *Aichele*, 757 F.3d at 358.

    **B.**     **RULE 12(B)(6)**

Rule 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." On a motion to dismiss for failure to state a claim, the moving party "bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

District courts undertake a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the

court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quotations omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[M]ere restatements of [a] claim[] . . . are not entitled to the assumption of truth." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) (alterations in original) (quotation omitted). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*. 556 U.S. at 678). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc.*, 926 F.2d at 1409)).

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While Rule 8(a)(2) does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

IV. **DISCUSSION**

Plaintiff does not identify the health benefits plans relevant to the benefits claims it identifies in Exhibit 1 to the Amended Complaint. In its Motion, Defendants indicate that they were "able to locate and identify the relevant patients and health benefits plans at issue." (Moving Br. at 5.)

The gravamen of Plaintiff's opposition to the Motion is that Plaintiff lacks the relevant plan documents and related materials—materials that Defendants appear to have supplied in connection with their Motion. Throughout its Opposition Brief, Plaintiff reiterates that it did not have access to the plan documents at the time it drafted the Amended Complaint and that dismissal at this stage would be "premature":

- "During the claim process, Defendants and their subscribers/members/insureds do not provide underlying plan documents, and as such Plaintiff cannot determine whether the underlying plan[s] is subject to ERISA." (Opp'n Br. at 2–3.)

- "Defendants seek to present facts to the Court, which only Defendants would have possession, without discovery being exchanged between the parties, to present [an] attack the inclusion of various patients which Defendants contend factually should not be listed on Exhibit 1 of the Amended Complaint due to lack of subject matter jurisdiction." (*Id.* at 6.)

- "Plaintiff should be afforded the necessary time to review and determine the sufficiency of the factual allegations made by the Defendants." (*Id.*)

- "Defendants have presented numerous certifications and plan documents that Plaintiff is not privy to during the claim administration process . . . Plaintiff will demand copies during the discovery process." (*Id.* at 10.)

- "Plaintiff should be afforded an opportunity to conduct limited discovery to factually address the contentions therein. It is unjust to permit the Defendants to submit[] numerous documents beyond the claim administration process, documents

7

which Defendants are only privy to in order to dismiss Plaintiff's entire complaint." (*Id.*)

- "Further analysis of the health plan documents must be performed in order to ensure standing by Plaintiff under the assignments provided." (*Id.* at 11–12.)

- "[R]elevant evidence can be obtained during the discovery phase in order to sustain [Plaintiff's] causes of action." (*Id.* at 12.)

- "Plaintiff was not privy to the plan, did not receive a copy of the Plan during the claim process and had no opportunity to review the documentation." (*Id.*)

- "[T]he anti-assignment language may be ambiguous as the Defendants failed to provide a complete copy of the plan documents." (*Id.* at 13.)

- "Plaintiff should be permitted to amend its complaint to assert claims of breach of contract, breach of covenant of good faith and fair dealing and quantum meruit." (*Id.* at 14.)

- "[D]uring the claim review process, Plaintiff is not provided plan information or other identifying information in order to determine whether the underlying claim is subject to ERISA. This would need to be disclosed during the discovery phase of this action." (*Id.* at 14.)

- "[I]t is extremely difficult for Plaintiff to obtain the plan provisions." (*Id.* at 15–16.)

- "Defendant[s'] demand that Plaintiff's Complaint be dismissed as claims may be subject to SHBP, SBP, Medicaid, Blue[]Card, should be denied as premature." (*Id.* at 17.)

- "Plaintiff may not be privy to information during the claims process to address these allegations. Further information will be provided to further substantiate the claims at issue." (*Id.* at 18.)

- "While Abira contends that it is eligible for reimbursement, information concerning the exceptions Defendants argue should be plead in the complaint can be discovered through the exchange of the requisition, which includes the order form, the reason for the order, doctor's notes, etc." (*Id.*)

- "Further discovery concerning these contentions are necessary between the parties." (*Id.* at 19.)

- "Thus, further discovery must be conducted in order for the court to address whether the Defendant[s] in this instance [were] vested with sufficient discretionary authority to warrant a[n] abuse of discretion standard of review." (*Id.* at 20.)

- "Defendant[s'] Motion to Dismiss those [c]laims alleged to be subject to Medicare Advantage Plans should be denied as premature." (*Id.* at 21.)

- "[W]hether Plaintiff exhausted its administrative remedies is a factual issue that can be addressed through discovery, as Plaintiff has served appeals under Medicare and taken additional steps to remedy the underlying exhaustion requirements." (*Id.* at 22.)

As stated, the Defendants supplied significant documentation in connection with their Motion, together with certifications explaining how Plaintiff can obtain further relevant plan documents. (*See* ECF Nos. 24-3 through 24-108.) As Defendants observe on reply, "Plaintiff does not dispute the authenticity, reliability, or accuracy of Horizon's declarations or plan documents[,]" nor "make any meaningful challenge to the declarations or plan documents." (Reply Br. at 1.) Even though Defendants provided the necessary documentation, Plaintiff asserts throughout its Opposition Brief that it needs more time to review the materials and should be permitted to amend the Amended Complaint. (*See* Opp'n Br. at 25.)

As Defendants also correctly state, "Plaintiff cannot file a jumbled lawsuit seeking to recover reimbursement for more than 5,000 claims relating to over 1,800 patients and then skirt its pleading obligations by passing the buck to [Defendants]." (*Id.* at 3.) *See also DaSilva Plastic and Reconstructive Surgery, P.C. v. Empire Healthchoice HMO, Inc., et al.*, Civ. No. 22-7121, 2025 WL 240917, *3 (E.D.N.Y. Jan. 17, 2025) ("Plaintiff's complaint alleges causes of action for over 1,000 claims on behalf of 366 individual patients, subject to over 140 independent self-funded

9

health benefit plans. However, addressing 1,000-plus claims in a single complaint let plaintiff's factual allegations to take the form of generalizations. Unfortunately, and perhaps inevitably, for Plaintiff, these generalizations are too conclusory to plausibly state a claim for any one alleged ERISA violation."). Plaintiff now has the very documents it was seeking and claims it needed — it just has to put in the work. The Court will give Plaintiff the opportunity to do so.[3]

## V.     CONCLUSION

For the reasons stated above, the Court will **GRANT** Plaintiff's informal request to file a Second Amended Complaint and **DENY** Defendants' Motion as moot. Plaintiff will be given leave to file an Amended Complaint within 30 days. An appropriate Order will follow.


Date: October 31, 2025

                                                                                              s/ Zahid N. Quraishi
                                                                                              **ZAHID N. QURAISHI**
                                                                                              **UNITED STATES DISTRICT JUDGE**

---

[3] The Court does not reach the merits of Defendants' arguments under Rules 12(b)(6) and 12(b)(1). The denial of their motion is without prejudice to their right to renew these arguments in a subsequent motion.